## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LY NGUYEN DBA STAR-LITE** | § | |
| **DONUTS** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-03802** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 270th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.     On August 23, 2019, Plaintiff filed this action against State Farm in the 270th Judicial District Court of Harris County, Texas.  The state cause number is 2019-59388 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $100,000. (*See* Pl.'s Original Pet. at ¶ 1) State Farm was served on September 3, 2019. State Farm filed its answer on September 23, 2019.

2.     In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 270th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with his insurance policy for damage to his home and other property caused by wind. (*See* Pl.'s Original Pet. at ¶¶ 7–12.) Plaintiff asserts causes of action for breach of contract, for violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, negligence, and breach of the common law duty of good faith and fair dealing. (*Id*. at ¶¶ 26–51.)

## III.
## BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a Texas citizen. (*See* Pl.'s Original Pet. at ¶ 2.)  State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiff is seeking damages in excess of $100,000. (*See* Pl.'s Original Pet. at ¶ 1.)  Thus, removal to the Southern District of Texas is proper.

## IV.
## REMOVAL PROCEDURES

7.      On August 23, 2019, Plaintiff filed this case against State Farm in the 270th Judicial District Court of Harris County, Texas. State Farm was served on September 3, 2019.  State Farm filed its Answer on September 23, 2019. This Notice of Removal is being timely filed on October 3, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. *See* 28 U.S.C. § 1441(a).  Harris County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

10.     A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

**V.**

**PRAYER**

11.　　State Farm respectfully requests that the above-styled action now pending in the

270th Judicial District Court of Harris County, Texas, be removed to this Honorable Court

pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief

to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:　_____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem, III
Federal Bar No. 16798
State Bar No. 00785086
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jtatem@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 3rd day of October, 2019.

James M. McClenny                                          **Via CM/ECF**
James@mma-pllc.com
J. Zachary Moseley
Zach@mma-pllc.com
Derek L. Fadner
Derek@mma-pllc.com
MCCLENNY MOSELEY &
ASSOCIATES, PLLC
516 Heights Blvd
Houston, Texas 77007


_____

**DALE M. "RETT" HOLIDY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| **LY NGUYEN DBA STAR-LITE** | § | | |
| **DONUTS** | § | | |
| | § | | |
| **vs.** | § | **C.A. NO.**_____ |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | | |

### AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file

1

and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks: Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles: Ms. Stiles is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 25th day of September, 2019.

> **OFFICIAL SEAL**
> **KAREN HAMILTON**
> NOTARY PUBLIC - STATE OF ILLINOIS
> My Commission Expires January 07, 2022

Notary Public for the State of Illinois

3

# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

James M. McClenny
J. Zachary Moseley
Derek Fadner
MCCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Blvd
Houston, Texas 77007
Telephone: (713) 334-6121
Facsimile: (713) 322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
***Attorneys for Plaintiff***


2.      Dale M. "Rett" Holidy
        James A. Tatem, III
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420
        rholidy@germer.com
        jtatem@germer.com
        ***Attorneys for Defendant***


## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

## LY NGUYEN DBA STAR-LITE DONUTS VS. STATE FARM LLOYDS

        (a)      Plaintiff's Original Petition
        (b)      Return Citation
        (c)      Defendant State Farm Lloyds' Original Answer
        (e)      Docket Sheet

**DELIVERED**

9 / 3 / 19

By _M.T. Scttizis_

Austin Process, LLC

| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73662808 CIV |

**CAUSE NUMBER** 201959388

| | |
|---|---|
| PLAINTIFF: LY NGUYEN DBA STAR LITE DONUTS | In The 270th |
| vs. | **Judicial District Court of** |
| DEFENDANT: STATE FARM LLOYDS | **Harris County, Texas** |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

TO: STATE FARM LLOYDS (A FOREIGN INSURANCE COMPANY) MAY BE SERVED WITH
    PROCESS BY SERVING ITS REGISTERED AGENT OF SERVICE COPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN TX  78701 – 3218

Attached is a copy of _PLAINTIFF'S ORIGINAL PETITION_.

This instrument was filed on the ___23rd___ day of ___August___, 20 _19_ , in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___27th___ day of
___August___, 20 _19_ .

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

Issued at request of:
MOSELEY, JOHN ZACHARY
516  HEIGHTS BLVD
HOUSTON, TX  77007
TEL: (713) 334-6121
Bar Number: 24092863

Generated by: BURTON, DANCHELLE    IT6//11310146

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____ , 20_____ , at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ , _____ ,
                                                        (STREET ADDRESS)                    (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____ , at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
                    (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____ ,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                  (DESCRIPTION OF PETITION, E.G. "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____ .
                                   (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20____ .

FEE: $_____                    By: _____
                                       (SIGNATURE OF OFFICER)

                                 Printed Name: _____

_____          As Deputy for: _____
Affiant Other Than Officer                        (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20_____ .

_____
Notary Public

N.INT.CITC.P                    **\*73662808\***

8/23/2019 3:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36240756
By: D Burton
Filed: 8/23/2019 3:48 PM

# 2019-59388 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| LY NGUYEN DBA STAR-LITE DONUTS | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| | § § | |
| STATE FARM LLOYDS | § § | _____ JUDICIAL DISTRICT |
| *Defendant* | § | |

## PLAINTIFF LY NGUYEN DBA STAR-LITE DONUTS'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ly Nguyen dba Star-Lite Donuts, (hereinafter referred to as "Plaintiff"), complaining of State Farm Lloyds, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Harris County, Texas.

3. State Farm Lloyds is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Corporation Service Company, located at the following address: 211 E 7th St., Ste 620, Austin, Texas 78701-3218.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant State Farm Lloyds because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas. Specifically, State Farm Lloyds sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6. Venue is proper in Harris County, Texas, because the Property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7. Plaintiff purchased a policy from Defendant State Farm Lloyds, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8. The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which is located at 6640 Cypresswood Dr., Spring, Texas 77379.

9. Defendant State Farm Lloyds and/or its agent sold the Policy insuring the Property to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. During the Plaintiff's Policy period with Defendant, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant State Farm Lloyds. Plaintiff subsequently opened a claim on or around August 25, 2017 and Defendant State Farm Lloyds assigned an adjuster to adjust the claim.

12. Thereafter, Defendant State Farm Lloyds wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly. Finally, the necessary repair and restoration work to the property will cause Plaintiff *substantial* business interruption loss.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level ***SHALL*** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant State Farm Lloyds. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant State Farm Lloyds. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant State Farm Lloyds failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant State Farm Lloyds were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant State Farm Lloyds and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant State Farm Lloyds and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

A.  Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## BREACH OF CONTRACT

29.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30.  Defendant State Farm Lloyds's conduct constitutes a breach of the insurance contract made between Defendant State Farm Lloyds and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant State Farm Lloyds had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31.  As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant State Farm Lloyds breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

---

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that its Policy and State Farm Lloyds's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this Original Petition, Defendant State Farm Lloyds represented to Plaintiff that its Policy and State Farm Lloyds's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant State Farm Lloyds representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant State Farm Lloyds has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant State Farm Lloyds's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant State Farm Lloyds's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant State Farm Lloyds, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

    F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant State Farm Lloyds has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant State Farm Lloyds's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant State Farm Lloyds and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant State Farm Lloyds's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant State Farm Lloyds's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

---

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant State Farm Lloyds, the liability of

Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear.

However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which

a reasonable insurance company would have relied on to deny full payment. Defendant's conduct

constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National*

*Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate

claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation

shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory

damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages

for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as

the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages

described herein.

---

## **DAMAGES**

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Harris County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant State Farm Lloyds, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1.  Please produce State Farm Lloyds's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by State Farm Lloyds's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm Lloyds intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of State Farm Lloyds and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between State Farm Lloyds and its assigned adjuster, and all correspondence between State Farm Lloyds and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

## III. INTERROGATORIES

1.  Please identify any person State Farm Lloyds expects to call to testify at the time of trial.

2.  Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.  If State Farm Lloyds or State Farm Lloyds's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm Lloyds or any of State Farm Lloyds's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.  Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm Lloyds's investigation.

5.  Please state the following concerning notice of claim and timing of payment:

    a.      The date and manner in which State Farm Lloyds received notice of the claim;

    b.      The date and manner in which State Farm Lloyds acknowledged receipt of the claim;

    c.      The date and manner in which State Farm Lloyds commenced investigation of the claim;

  d. The date and manner in which State Farm Lloyds requested from the claimant all items, statements, and forms that State Farm Lloyds reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

  e. The date and manner in which State Farm Lloyds notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date State Farm Lloyds anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm Lloyds's document retention policy.

10. Does State Farm Lloyds contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does State Farm Lloyds contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does State Farm Lloyds contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State what performance measures are used and describe State Farm Lloyds's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiff prays that judgment be entered against Defendant State Farm Lloyds and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant State Farm Lloyds, and for all such other relief to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

RESPECTFULLY SUBMITTED,

/s/ Derek L. Fadner
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
516 Heights Blvd
Houston, Texas 77007
Principal Office No. 713-334-6121
Facsimile: 713-322-5953

James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
**ATTORNEYS FOR PLAINTIFF**

7/25/2019 10:03 AM
Marilyn Burgess District Clerk Harris County
Envelope No. 36613178
By: Anna Evetts
Filed: 9/9/2019 12:00 AM

RECEIPT NUMBER ........................
TRACKING NUMBER    73662808  CIV

CAUSE NUMBER    201959388

| PLAINTIFF: LY NGUYEN DBA STAR LITE DONUTS | In The 270th |
| vs. | Judicial District Court of |
| DEFENDANT: STATE FARM LLOYDS | Harris County, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: STATE FARM LLOYDS (A FOREIGN INSURANCE COMPANY) MAY BE SERVED WITH
    PROCESS BY SERVING ITS REGISTERED AGENT OF SERVICE COPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN TX  78701 - 3218

Attached is a copy of  <u>PLAINTIFF'S ORIGINAL PETITION</u>.

This instrument was filed on the ___23rd___ day of ___August___, 20 _19_, in the above cited cause number and court. The instrument attached describes the claim against you.

**AFFIDAVIT ATTACHED**

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    **This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___27th___ day of ___August___, 20 _19_.

Issued at request of:
MOSELEY, JOHN ZACHARY
516  HEIGHTS BLVD
HOUSTON, TX  77007
TEL: (713) 334-6121
Bar Number: 24092863

**MARILYN BURGESS, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

**Generated by:** BURTON, DANCHELLE  IT6//11310146

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                        (STREET ADDRESS)                                    (CITY)
in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                        (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____ in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
                                        (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____          By: _____
                                        (SIGNATURE OF OFFICER)

                          Printed Name: _____

_____          As Deputy for: _____
Affiant Other Than Officer                                (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

                                        _____
                                                        Notary Public

N.INT.CITC.P                    *73662808*

## AFFIDAVIT OF SERVICE

State of Texas                    County of Harris                    270th Judicial District Court

Case Number: 2019-59388

Plaintiff:
**Ly Nguyen d/b/a Star-Lite**

vs.

Defendant:
**State Farm Lloyds**

For:
McClenny Moseley & Associates, PLLC
516 Heights Blvd.
Houston, TX 77007

Received by Austin Process LLC on the 3rd day of September, 2019 at 9:33 am to be served on **State Farm Lloyds by serving its Registered Agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **3rd day of September, 2019** at **2:40 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff Ly Nguyen d/b/a Star-Lite Donuts's Original Petition** with the date of service endorsed thereon by me, to: **Vanessa Hernandez, Corporation Service Company** as **Authorized agent** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **State Farm Lloyds**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 3rd
day of September, 2019 by the affiant who is
personally known to me.

NOTARY PUBLIC

SUZI DICKERSON
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131980911

**Mike Techow**
PSC-1215, Exp. 7/31/20

**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2019008702
Ref: Ly Nguyen v. State Farm Lloyds

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Unofficial Copy Office of Marilyn Burgess District Clerk

9/23/2019 2:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37038989
By: Anna Evetts
Filed: 9/23/2019 2:49 PM

## CAUSE NO. 2019-59388

| | | |
|---|---|---|
| LY NGUYEN DBA STAR-LITE DONUTS | § § § | IN THE DISTRICT COURT OF |
| V. | § § | HARRIS COUNTY, TEXAS |
| STATE FARM LLOYDS | § | 270TH JUDICIAL DISTRICT |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.     State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.     **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any damages resulted from any accidental direct physical loss during the policy period.

3. **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4. **Deductible/Offset.** State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5. **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6. **Failure of Policy Considerations/Conditions Precedent.** State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### DUTIES IN THE EVENT OF LOSS

1. You must see that the following are done in the event of loss to Covered Property:
b. Give us prompt notice of the loss…
d. Take all reasonable steps to protect the Covered Property from further damage and keep a record of your emergency and temporary repair expenses…
f. as often as may be reasonably required permit us to inspect the property…
i. Resume all or part of your operations as quickly as possible.

7. **Flood or Surface Water.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

## SECTION I – EXCLUSIONS

1. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causeS of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.

\* \* \* \* \*

h. **Water,** meaning:
   (1) Flood, surface water, waves (including tidal wave, tsunami, and seiche), tides, tidal water, overflow of any body of water, or spray or surge from any of these, all whether driven by wind or not;
   (2) Mudslide or mudflow;
   (3) Water or sewage that backs up or overflows from a sewer, drain, or sump;
   (4) material. Water or sewage under the ground surface pressing on, or flowing or seeping through:
      (a) Foundations, walls, floors or paved surfaces;
      (b) Basements, whether paved or not; or
      (c) Doors, windows or other openings; or
   (5) Material carried or otherwise moved by any of the Water, as described in Paragraphs (1) through (4) above.

\* \* \* \* \*

**8.      Property.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

## PROPERTY SUBJECT TO LIMITATIONS

1. We will not pay for loss to:
   e. The interior of any building or structure, or the property inside any building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
      (1) The building or structure first sustains damage by a Covered Cause Of Loss to its roof, outside walls, or outside building glass through which the rain, snow, sleet, ice, sand or dust enters; or
      (2) The loss is caused by thawing of snow, sleet or ice on the building or structure.

9.      **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

11.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

12.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of

the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

13.     **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

14.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 23rd day of September, 2019.

VIA E-SERVICE

Derek Fadner
James M. McClenny
J. Zachary Moseley
MCCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Blvd
Houston, TX 77007

DALE M. "RETT" HOLIDY

**Harris County Docket Sheet**

# 2019-59388

**COURT:**   270th

**FILED DATE:**   8/23/2019

**CASE TYPE:**   Debt/Contract - Consumer/DTPA



### LY NGUYEN DBA STAR LITE DONUTS

Attorney: FADNER, DEREK LEE

### vs.

### STATE FARM LLOYDS

Attorney: HOLIDY, DALE MARETT

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 10/5/2020 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Unofficial Copy Office of Marilyn Burgess District Clerk